UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                                Criminal Case No. 18-20435-2
v.                                         Honorable Linda V. Parker

TALASHA R. WILLIS,

          Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE (ECF NOS. 129, 133)

On October 9, 2018, Defendant Talasha R. Willis pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3) and 2, and one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2. On May 20, 2019, the Court sentenced Defendant to two concurrent terms of incarceration of 100 months, followed by two concurrent supervised release terms of two years. (ECF No. 84.) On August 3, 2021, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), in which she also sought the appointment of counsel. (ECF No. 129.) The Court appointed counsel for Defendant (ECF No. 130), who filed an amended motion for compassionate

release on October 10, 2021 (ECF No. 133). The Government opposes Defendant's request. (ECF No. 136.)

In her initial motion, Defendant cites the need to care for her children, following the death of Defendant's father, in support of her request for release. (ECF No. 129 at Pg ID 743.) It appears from Defendant's motion that her two children are in the care of Defendant's maternal grandparents, who are experiencing unspecified "health issues" and challenges raising the children. (*Id.*) In the amended motion, Defendant asserts that [t]he loss of her caretaking and financial support substantially exceeds the harm ordinarily incident to her incarceration[]" and that "[t]here are no feasible alternatives to the caretaking and financial role that [she] provides for her minor children." (ECF No. 133 at Pg ID 764.) Defendant asserts that her grandparents "are in declining health that significantly affect[s] their caretaking responsibilities of [D]efendant's children." (*Id*. at Pg ID 765.) Defendant also claims she suffers from diabetes and obesity, which render her more susceptible to developing serious outcomes if she contracts Covid-19. (*Id*. at Pg ID 764.)

## Applicable Law

A defendant may move for Compassionate Release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30

days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."    18 U.S.C. § 3582(c)(1)(A).

Under that statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; the need to avoid unwarranted and unjust sentence disparities among similarly positioned defendants; and providing them with any necessary correctional services and treatment.  *See* 18 U.S.C. § 3553(a). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies.  (*See* ECF No. 136 at Pg ID 775).  The Government does dispute, however, whether Defendant's asserted extraordinary and compelling

circumstances warrant the granting of Compassionate Release. The Government also argues that the § 3553(a) factors do not support a reduction in Defendant's sentence.

## Analysis

Defendant fails to satisfy her burden of showing extraordinary and compelling circumstances warranting a reduction of her sentence. According to Defendant's medical records—which notably were provided only by the Government—she presents as obese and pre-diabetic. (*See, e.g.*, ECF No. 137-1 at Pg ID 836, 838; ECF No. 137-2 at Pg ID 981.) The severity of Defendant's conditions and their associated risks, however, are unclear. Moreover, Defendant's medical records also reflect that she has received at least two doses of the Pfizer Covid-19 vaccine. (ECF No. 137-4 at Pg ID 1005.) The Sixth Circuit has held that, where the vaccine is available to an inmate, the inmate cannot establish extraordinary and compelling circumstances based on medical conditions increasing the risk of serious outcomes if the virus is contracted. *United States v. Lemons*, 15 F.4th 747, 751 (2021).

The Sixth Circuit reasoned in *Lemons* that "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *Id.* at 751 (citation omitted). "[W]ith access to the vaccine," the court found, "an inmate

largely faces the same risk from COVID-19 as those who are not incarcerated." *Id.* The Sixth Circuit therefore joined the Seventh Circuit in holding "that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Id.* (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Defendant fails to show that her obesity and pre-diabetes "prevent h[er] from benefitting from the vaccine, or that [s]he is at any greater risk than a member of the general public." *United States v. Davis*, No. 22-1319, 2022 WL 13638659, at *2 (6th Cir. Sept. 7, 2022) (affirming denial of sentence reduction for inmate with obesity, sleep apnea, and pre-diabetes who was fully vaccinated).

In its policy statements, the Sentencing Commission does identify "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children[ ]" as an extraordinary and compelling reason to reduce a defendant's sentence.[1] U.S.S.G. § 1B1.13 cmt. 1(C). For the purposes of this policy statement,

---

[1] No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion and courts "have full discretion to define 'extraordinary and compelling' without consulting . . . § 1B.1.13." *United States v. Jones*, 980 F.3d 1098, 1108-09 (6th Cir. 2020). Nevertheless, courts still reference § 1B1.13 in some circumstances as helpful guidance. *See, e.g., United States v. McKenzie*, No. 2:19-cr-00016, 2022 WL 14155663, at *4 (E.D. Tenn. Oct. 24, 2022); *United States v. Leroy*, No. 3:20-cr-024, 2022 WL 3023332, at *2 (S.D. Ohio July 29, 2022).

"'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." BOP Program Statement § 5050.50, at 7 (Jan. 17, 2019), available at *https://www.bop.gov/policy*.  Defendant does not claim that her grandparents are incapable of caring for her two minor children.  She offers no specifics or evidence from which this Court could even find that her grandparents are truly having difficulty caring for them.

    For these reasons, Defendant fails to satisfy her burden of showing an extraordinary and compelling reason to reduce her sentence.  The Court finds it unnecessary, therefore, to decide whether the § 3553(a) factors favor her release.

    Accordingly,

    **IT IS ORDERED** that Defendant's motions for compassionate release (ECF Nos. 129, 133) are **DENIED WITHOUT PREJUDICE**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: November 3, 2022